FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN SAY,

                   Plaintiff - Appellant,

  v.

UMATILLA SCHOOL DISTRICT 6, a
political subdivision of the State of Oregon
and public body corporate; ADAM
RUSSELL, as a member of the Umatilla
School District Board of Directors; TOBY
CRANSTON, as a member of the Umatilla
School District Board of Directors; PAT
LAFFERTY, as a member of the Umatilla
School District Board of Directors;
SCOTT LARSON as a member of the
Umatilla School District Board of
Directors; JAN MCIVER, as a member of
the Umatilla School District Board of
Directors; SONDRA PANKEY, as a
member of the Umatilla School District
Board of Directors; BOB WIMBERLY, as
a member of the Umatilla School District
Board of Directors,

                 Defendants - Appellees.

No. 09-35091

D.C. No. 3:08-cv-00348-ST

MEMORANDUM [*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding

Submitted February 4, 2010[**]
Seattle, Washington

Before: RYMER, GOULD, and BYBEE, Circuit Judges.

Brian Say appeals the district court's grant of summary judgment in favor of Umatilla School District. Say argues that the process by which Umatilla terminated his contract as Superintendent did not comport with the requirements of the Due Process Clause. We review the district court's grant of summary judgment de novo. *Greene v. Camreta*, 588 F.3d 1011, 1021 (9th Cir. 2009). We are unpersuaded by Say's arguments and affirm the judgment of the district court.

As a general matter, before being fired a public employee with a property interest in continued employment "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). Here, Say received written notice, an explanation of Umatilla's evidence, and an opportunity to present his side of the story. He argues, however, that the hearing with which he was provided was not meaningful because

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the school board had already prejudged the case against him. We are willing to accept the premise of Say's argument but not his conclusion.

To some extent, the Board was forced to "prejudge" Say's case. There would have been no need for a hearing unless the Board had decided that there were grounds for terminating Say's employment. The Board's decision to terminate Say's employment could only be based on its *judgment* that Say's performance was not satisfactory. That the Board was familiar with Say's performance and the facts of his case, moreover, does not disqualify it from conducting the hearing. *See Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 493 (1976); *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 779 (9th Cir. 1982). That the Board members had some view about Say's performance was inevitable; it was their responsibility to monitor him. It also does not diminish the process provided to Say: he had a full opportunity to persuade the Board members that he should keep his job.

Even if the board "prejudged" Say's case, there is no evidence that it exhibited "impermissible bias" during the termination process. *See Vanelli*, 667 F.2d at 779 n.10. Public officials are presumed to act with honesty and integrity. *Hortonville*, 426 U.S. at 497. In order to rebut that presumption, Say must point to evidence that members of the Board had a "personal or financial stake in the decision that might create a conflict of interest . . . [or evidence] of personal

animosity." *Hortonville*, 426 U.S. at 491-92.  Because Say does not argue that Board members had a personal or financial stake in the decision, he must prove that Board members bore some kind of animosity toward him.

The evidence Say amasses falls far short in this respect.  Say primarily relies on individual Board members' statements to the effect that Say's performance was not up to par.  Say does not point to any personal attacks or any other conduct or language that could be construed as evidence of animosity.  Indeed, he admits that he was not at all surprised by the Board's reasons for wanting to terminate his contract, because they were the same concerns the Board had been raising for years.  School board members do not exhibit impermissible bias by attempting to fulfill their public responsibilities.

For the same reasons, the district court did not err in denying Say's breach of contract claim.

AFFIRMED.